JUDGE HOLWELL

11 CIV 4971

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
MISHCON DE REYA NEW YORK LLP,　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　Civil Action No. 11-
　　　　　　　　　　　Petitioner,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　v.　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
GRAIL SEMICONDUCTOR, INC.,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Respondent.　　　　　　　　　:
-----------------------------------------------------------------x

RECEIVED JUL 20 2011 U.S.D.C. S.D.N.Y. CASHIERS

## PETITION FOR AN ORDER OF ATTACHMENT IN AID OF ARBITRATION

Petitioner Mishcon de Reya New York LLP ("Petitioner" or "Mishcon"), appearing pro se, respectfully alleges, as and for its Petition against Respondent Grail Semiconductor, Inc. ("Respondent" or "Grail"), as follows.

### INTRODUCTION

1.　　　　This is an action commenced by way of an Application for an Order to Show Cause for an Attachment in Aid of an Arbitration pending before the American Arbitration Association ("AAA") in New York, New York against Grail ("Arbitration"). In that proceeding, Mishcon seeks to recover more than $2 million in unpaid legal fees and disbursements and interest thereon earned in connection with legal services provided to Grail between August 2010 and July 2011, and for which it was never compensated.

2.　　　　To date, Grail has failed to fully retire any of Mishcon's outstanding invoices and has refused to provide Mishcon with a security interest in its sole appreciable asset -- a United States Patent bearing registration number 6,642,552 ("552 Patent") -- necessary to secure its past

fees and enable it to remain as Grail's counsel of record in connection with the pending litigation, Grail Semiconductor, Inc., et al. v. Mitsubishi Electronic Corporation, et al., Santa Clara Superior Court, Case No. 1-07-CV-098590 ("NDA Action"). Grail's refusal to voluntarily issue to Mishcon the security is not only dubious but strategic. In any event, because of Grail's apparent inability to pay Mishcon's past and future fees and disbursements, Mishcon was forced to withdraw from the NDA Action.

3. In sum, this Petition seeks an Ex Parte Order, pursuant to Rule 64 of the Federal Rules of Civil Procedure and Articles 62 and 75 of New York's Civil Practice Law and Rules ("CPLR"), attaching the '552 Patent, so that any award to which Mishcon may be entitled in the pending Arbitration will not be rendered ineffectual.

## THE PARTIES

4. Petitioner Mishcon is a limited liability partnership organized and existing under the laws of the State of New York, located at 200 Park Avenue, 44th Floor, New York, New York 10166.

5. Respondent Grail is a California corporation, Entity Number C2210002, with its principal place of business at 525 Avellino Isles Circle, #33102, Naples, Florida 34119.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because the sum in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(a)(2) and (3), because a substantial part of the events or omissions giving rise to the claims occurred in this

Judicial District, and defendant is subject to personal jurisdiction in this Judicial District. Venue is also proper in this Judicial District pursuant to CPLR 7502(a)(i).

## FACTUAL ALLEGATIONS

8. On July 15, 2011, Mishcon commenced the Arbitration by filing a copy of its Demand for Arbitration and the parties' Arbitration Agreement with the AAA, and serving the original Demand for Arbitration on Grail by certified mail, return receipt requested.

9. The Arbitration arises out of Grail's failure to pay Mishcon's past due and owing legal fees and disbursements. In the Arbitration, Mishcon seeks, compensatory damages in the sum of $2,041,410.64, pre-Judgment interest at the New York statutory rate of nine (9) percent in the approximate amount of $73,148.72, and post-Judgment interest at the New York statutory rate of nine (9) percent.

### A.   The Parties' History And Nature Of Their Dispute

10. In or about July and August 2010, Grail sought Mishcon's legal services in connection with the NDA Action and related matters. The NDA Action concerned Grail's claim that Defendant Mitsubishi Electric and Electronics USA Inc.'s ("MEEUSA"), among other Mitsubishi-related entities, breached an April 19, 2001 "Proprietary Information, Invention and Non-Disclosure Agreement for Potential Investors" ("NDA") by improperly disclosing and using information, technology, and trade secrets related to Grail's design for a new solid-state semiconductor memory chip. The action sought damages in an amount to be determined at trial but believed by Grail to be well in excess of $100 million.

11. On or about August 25, 2010, Mishcon and Grail entered into an Engagement Agreement ("Advisory Engagement Agreement") that concerned specific limited work by Mishcon regarding the NDA Action and advice on potential related actions. For purposes of this

work, Mishcon capped its legal fees at $50,000. Prior to its execution, Grail informed Mishcon that it had more than enough funds to pay Mishcon's fees.

12. In accordance with the Advisory Engagement Agreement, Mishcon dedicated significant time and resources to perform the requisite legal services agreed to therein in timely fashion. On September 23, 2010, Mishcon sent Grail an invoice covering this work in the amount of $48,346.50. While Grail did not object to the charges in the invoice, it informed Mishcon -- despite its prior representations to the contrary -- that it did not presently, but soon would have, the funds to remit payment for Mishcon's fees.

13. In or about September 2010, Grail advised Mishcon that it intended to retain it to represent Grail in the NDA Action.[1] Grail further advised Mishcon that it would imminently be obtaining funding and would thereafter be able to pay the extant invoice and the Firm's fees and disbursements going forward. Accordingly, on September 21, 2010, Grail executed a second Engagement Agreement with Mishcon concerning the NDA Action ("Engagement Agreement").

14. Reasonably relying upon Grail's repeated assurances that it would obtain funding, Mishcon continued to perform work on Grail's behalf and incurred expenses in obtaining the case file of the then-three (3) years of litigation from Grail's former counsel, reviewed the same, and became intimately acquainted with the NDA Action's lengthy and complicated history.

15. While Mishcon could have terminated its representation of Grail and withdrawn as counsel at that point, it relied on Grail's representations that financing would be forthcoming shortly and agreed to assist Grail, if it could, in those efforts.

---

[1] Given that the NDA Action is pending in California, with Grail's approval and direction, Mishcon identified Bergeson, LLP ("Bergeson"), a respected and skilled California firm, to serve as local counsel to Grail. Bergeson withdrew as local counsel on January 12, 2011, because Grail also did not pay for its services. Consequently, Grail obtained new local counsel, Grellas & Associates ("Grellas"), which entered its appearance on February 4, 2011.

16. Once Mishcon was retained as counsel of record in the NDA Action, the legal services Mishcon provided in connection with the NDA Action included, but were far from limited to, advising and representing Grail in multiple appellate matters; responding further to extant discovery requests; drafting Grail's required trade secret statement; propounding voluminous discovery requests and successfully litigating related motions to compel; opposing demurrer and summary judgment motions; filing multiple motions to seal so as to protect Grail's confidential information -- all of which were granted; and drafting, reviewing, and responding to extensive correspondence with opposing counsel, third parties, and the Court on behalf of Grail.

17. In accordance with the Advisory Engagement Agreement and Engagement Agreement (together, "Engagement Agreements"), Mishcon sent Grail monthly invoices providing the fees and costs it incurred on Respondent's behalf.

18. At no time did Grail dispute the quality of Mishcon's work or the amount of time expended by Mishcon's lawyers directly on the NDA Action. Indeed, Grail demanded that Mishcon continue working on the NDA Action and repeatedly promised and assured Mishcon that payment was forthcoming.

19. Acting in good faith and relying to its detriment upon Grail's promise to pay, Mishcon continued to work diligently on the NDA Action until its withdrawal and termination as counsel of record. Grail has yet to pay any of its legal bills now totaling $2,041,410.64 in fees and disbursements.[2]

20. Mishcon also worked with Grail -- at its request -- to locate interested litigation finance and funding companies and provide them with necessary information related to the case, in an effort to obtain financing for the NDA Action. These efforts were ultimately unsuccessful.

---

[2] On or about May 24, 2011, Grail requested that Mishcon analyze certain pending appellate issues and paid Mishcon an agreed amount of $10,000 for that discrete work.

During that time, Mishcon continued to perform significant legal work on behalf of Grail that rendered favorable results and incur further fees and disbursements in connection with the NDA Action.

21. Mishcon billed Grail pursuant to the Engagement Agreements on a monthly basis, as provided in the Engagement Agreements, which stated in pertinent part:

> [S]tatements will be submitted monthly (every 30 days) and are due and payable upon receipt. Grail agrees to notify us promptly in writing, if it disputes any entry for legal services or charges on any statement. In the absence of any written objection thereto within thirty (30) days of Grail's receipt of an invoice, Grail will be deemed to have accepted and acknowledged the invoice as correct through the period covered by the invoice.

See, e.g., Declaration of Vincent Filardo, Jr., dated July 19, 2011 ("Filardo Decl.") Exs. C, D at p. 2.

22. Grail did not object to the fees and disbursements billed in connection with the NDA Action within the thirty (30) day period provided in the agreements. Indeed, Grail only ever objected to certain fees of one former Mishcon attorney whose work concerned the efforts to obtain financing for the NDA Action. Moreover, Grail has routinely stated that it was happy with Mishcon's performance and in fact, Mishcon prevailed on numerous significant motions in the NDA Action.

23. On or about May 13, 2011, Grail retained counsel to negotiate a settlement with Mishcon in connection with its delinquent unpaid invoices. Grail's counsel advised Mishcon that Grail had no issue with the time Mishcon billed on the NDA Action (except for certain time billed by one attorney no longer with Mishcon) and asked that Mishcon refrain from withdrawing and commencing action against Grail so as to provide it time to obtain funding for Grail and the NDA Action.

24. Shortly thereafter, Grail advised Mishcon that it was obtaining funding from a "patent troll" company and implied that its intention was to transfer Grail's sole asset, the '552 Patent, to a new company owned jointly with that funder. Although that deal fell through, on or about June 16, 2011, Grail advised Mishcon that it was meeting with another "patent troll" company that could need as long as seven (7) weeks to conduct its due diligence and close on a funding deal. Mishcon believes that Grail intends to transfer the '552 Patent to another entity when an appropriate funder is obtained by it, which may be as early as July or August 2011.

25. Mishcon asked Grail's counsel to confirm that Grail was not assigning or otherwise transferring the '552 Patent. Although counsel addressed other issues raised contemporaneously by Mishcon, Grail's counsel deliberately did not respond to this inquiry.

26. Thereafter, working with Grail and its counsel, Mishcon employed its best efforts to create an arrangement by which it could remain as counsel of record in the NDA Action, despite Grail's absolute failure to retire any of Mishcon's outstanding invoices in the past ten (10) plus months.

27. Grail rejected nearly all of Mishcon's proposed terms, including refusing to provide Mishcon with a security interest in the '552 Patent necessary to secure its past and future fees (if it were to remain as counsel in the NDA Action).

28. Finally, after weeks of discussions, on or about July 5, 2011, Grail notified Mishcon that it should file a "Stipulation and [Proposed] Order Regarding Withdrawal of Counsel" ("Stipulation") previously agreed upon by the parties, and that their attorney-client relationship was terminated. On July 5, 2011, Mishcon filed the Stipulation. On July 6, 2011, the Court "so-ordered" the Stipulation.

**B.      The Parties Agreed To Arbitrate This Dispute**

29.     Pursuant to the Engagement Agreements, the parties agreed that "[a]ny dispute between us concerning our fees or charges not so submitted to binding arbitration under Part 137, or that remains unresolved after non-binding arbitration under such rules, and any other dispute between or among you and us or any of our attorneys and agents, including but not limited to claims of malpractice, errors or omissions, or any other claim of any kind regardless of the facts or the legal theories, shall be finally settled by mandatory binding arbitration in New York, New York conducted in accordance with the Commercial Rules of the American Arbitration Association, with each party to bear its own costs and attorneys' fees and disbursements." See Filardo Decl. Ex. D at p. 5.[3]

30.     Accordingly, Mishcon commenced the Arbitration before the AAA under the AAA's Commercial Arbitration Rules and Mediation Procedures. Mishcon seeks in the Arbitration: (i) a Declaration that Respondent has breached its obligations under the Engagement Agreements, breached the implied covenant of good faith and fair dealing, was unjustly enriched by its failure to compensate Mishcon for legal services, and that Respondent's assurances to pay and failure to timely object to Mishcon's invoices constitutes an account stated; (ii) compensatory damages in the sum of $2,041,410.64; (iii) pre-Judgment interest at the New York statutory rate of nine (9) percent in the approximate amount of $73,148.72; (iv) post-Judgment interest at the New York statutory rate of nine (9) percent; and (v) all other and further relief to which it is entitled.

---

[3] Paragraph 10 of the Engagement Agreement contains nearly identical language as Paragraph 9 of the Advisory Engagement Agreement. See Filardo Decl. Exs. D and C.

### C. Need For Expedited Determination of the Petition

31. Grail is effectively insolvent. It has a history of failing to pay its creditors. For example, its prior counsel in the NDA Action, Todd, Ferentz, Schwarcz and Rimberg LLP, filed a lien thereon to recover its unpaid attorneys' fees in an amount, upon information and belief, to be in excess of $2.3 million. The Bergeson law firm also withdrew as California local counsel in the NDA Action due to Grail's failure to pay its outstanding invoices. Furthermore, upon information and belief, Grail has failed to pay its current California counsel, the Grellas law firm, its past invoices in full.

32. Upon information and belief, Grail intends to imminently transfer the '552 Patent to another entity in connection with a funding agreement with a third-party.

33. If the '552 Patent is so transferred or assigned, Mishcon will be left with no possibility of enforcing any award against Grail to which it may be entitled pursuant to the pending Arbitration.

34. Exigent circumstances, therefore, exist necessitating that this Petition be brought before this Court and decided as soon as possible, so that Mishcon's request for an Order of Attachment in aid of the Arbitration may be granted, and any award to which it is entitled in the Arbitration will not be vitiated.

### PETITION FOR AN ORDER OF ATTACHMENT IN AID OF ARBITRATION PURSUANT TO FRCP 64 AND CPLR ARTICLES 62 AND 75

35. Mishcon commenced the Arbitration on July 15, 2011 by filing a copy of the Demand for Arbitration ("Demand") with the AAA and serving the original Demand on Grail by certified mail, return receipt requested. Accordingly, by the Arbitration, Mishcon is asserting a cause of action within the meaning of CPLR 7502(c) and 6212(a).

36.   As set forth more fully in the Memorandum of Law filed in support of this Petition ("Memorandum"), this Court has personal jurisdiction over Grail, because by agreeing to arbitrate in New York Grail has made itself amenable to jurisdiction in New York as if it were physically present in New York. Accordingly, this Court also has jurisdiction over Grail's tangible and intangible property, even if the situs of that property is outside New York.

37.   Given that Grail was just served with the Demand, it has not yet responded to it. However, as set forth more fully in the Memorandum, Mishcon has met its burden of showing that it is probable it will succeed on the merits in the Arbitration, in light of the fact that it provided Grail with legal services for more than ten (10) months and despite repeated promises of payment, it was never compensated for its invoiced fees and disbursements totaling $2,041,410.64.

38.   As also set forth in the Memorandum in greater detail, since Grail has not responded to the Demand for Arbitration, "the amount demanded from the defendant exceeds all counterclaims *known* to the plaintiff." CPLR § 6212(a) (emphasis added).

39.   No prior application for this relief has been made. Petitioner is proceeding by way of application for an Order to Show Cause because of the above-described exigent circumstances in order to obtain an <u>Ex</u> <u>Parte</u> Order of Attachment.

40.   Petitioner seeks an Order of Attachment in aid of the pending Arbitration, attaching the '552 Patent described above. An Attachment Order issued by this Court will ensure that any award issued by the AAA in favor of Petitioner will be satisfied and effectuated.

WHEREFORE, Petitioner respectfully requests this Court, by Order to Show Cause and pursuant to Rule 64 of the Federal Rules of Civil Procedure and Sections 6211(a) and 7502(c) of New York's Civil Practice Law and Rules, issue an Order directing attachment of Respondent Grail's '552 Patent.

Dated: New York, New York
July 19, 2011

Respectfully submitted,

MISHCON DE REYA NEW YORK LLP

By: _____
James J. McGuire
Mark A. Berube
Vincent Filardo, Jr.
Mishcon de Reya New York LLP
200 Park Avenue, 44th Floor
New York, NY 10166
Telephone (212) 612-3270
Facsimile (212) 612-3297

*Attorneys pro se*