UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MISHCON DE REYA NEW YORK LLP,

          Petitioner,

v.

GRAIL SEMICONDUCTOR, INC.,

          Respondent.

-------------------------------------------------------x

Civil Action No. 11-4971 (RJH) (HBP)

**DECLARATION OF JAMES J. McGUIRE, ESQ. IN SUPPORT OF MOTION TO CONFIRM ORDER OF ATTACHMENT**

**JAMES J. McGUIRE, ESQ.** declares the following pursuant to 28 U.S.C. § 1746:

1. I am an attorney licensed to practice in the State of New York and admitted to practice before this Court. I am the Managing Partner of Petitioner Mishcon de Reya New York LLP ("Mishcon"). I respectfully submit this Declaration pursuant to Rule 64 of the Federal Rules of Civil Procedure ("FRCP") and Sections 6211 (b), 6212(a), and 7502(c) of the New York Civil Practice Law and Rules ("CPLR") in support of Petitioner's Motion to Confirm Order Of Attachment In Aid Of Arbitration Pursuant To CPLR § 6211(b) ("Motion").

2. This Declaration is based upon my personal knowledge, review of the case file for Grail Semiconductor, Inc., et al. v. Mitsubishi Electronic Corporation, et al., Santa Clara Superior Court, Case No. 1-07-CV-098590 ("NDA Action"), and discussions with my colleagues, except for those matters asserted herein upon information and belief. As to those matters, I believe them to be true.

3. On July 15, 2011, Mishcon commenced arbitration under the American Arbitration Association's ("AAA") Commercial Arbitration Rules and Mediation Procedures against Grail in New York, New York ("Arbitration") by filing a copy of its Demand for

Arbitration ("Demand") and the parties' arbitration agreement with the AAA, and serving the original Demand on Grail Semiconductor, Inc. ("Grail" or "Respondent") by certified mail, return receipt requested.

4. In the Arbitration, Mishcon seeks, inter alia, compensatory damages in the sum of $2,041,410.64, with interest thereon in the amount of $73,148.72.

5. On July 20, 2011, Mishcon filed its Petition for an Ex Parte Order of Attachment in Aid of Arbitration Pursuant to Rule 64 of the Federal Rules of Civil Procedure and CPLR §§ 6211(a) and 7502(c) ("Petition") because, upon information and belief, Respondent intended and intends to imminently transfer and/or assign to another entity its sole appreciable asset -- a United States Patent bearing registration number 6,642,552 ("552 Patent"). If the '552 Patent is so transferred or assigned, Mishcon will be left with no possibility of enforcing any award against Grail to which it may be entitled in the pending Arbitration.

6. In support of its Petition, Mishcon submitted a Memorandum of Law and the Declaration of Vincent Filardo, Jr., dated July 19, 2011, with exhibits annexed thereto ("Filardo Declaration"). A true and correct copy of the Filardo Declaration with exhibits is annexed as **Exhibit 1**.

7. On or about July 20, 2011, this Court issued an Order of Attachment securing an amount of $2,114,559.36 ("Order").

8. On July 22, 2011, Mishcon served Grail with copies of the Petition, Order, and supporting papers via overnight courier. A true and correct copy of the Certificate of Service, Docket No. 6, is annexed as **Exhibit 2.**

9. On July 26, 2011, pursuant to the Order, Mishcon directed the U.S. Marshal for the Southern District of New York to levy upon the '552 Patent by serving a certified copy of the

Order upon Grail. A true and correct copy of the receipt from the U.S. Marshal's office is annexed as **Exhibit 3**.

10. On July 27, 2011, Mishcon served Grail with copies of the (i) Civil Cover Sheet for this proceeding, (ii) Summons, (iii) Rule 7.1 Disclosure, (iv) Court's Electronic Case Filing Rules & Instructions, (v) Individual Practices of Judge Richard J. Holwell, and (vi) Receipt of Payment of $5,000 security bond. A true and correct copy of the Certificate of Service, Docket No. 7, is annexed as **Exhibit 4**.

11. On July 27, 2011, contrary to his prior assertions, Wayne Stacy, Esq. of Cooley LLP, advised the Arbitration Case Manager that he is not representing Grail in the Arbitration. A true and correct copy of the July 27, 2011 letter from Mr. Stacy to Carolina S. Machado is annexed as **Exhibit 5**.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of July, 2011 in New York, New York.

_____
James J. McGuire