UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
MISHCON DE REYA NEW YORK LLP,                   :
                                                :   Civil Action No. 11-4971 (JMF)
                                  Petitioner,   :
                                                :
                                                :
             v.                                 :
                                                :
                                                :
GRAIL SEMICONDUCTOR, INC.,                      :
                                                :
                                  Respondent.   :
                                                :
-----------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION FOR APPOINTMENT OF A RECEIVER PURSUANT TO CPLR § 5228 AND DIRECTING ASSIGNMENT OF INTANGIBLE PROPERTY RIGHTS PURSUANT TO CPLR § 5225

Legal1US.64625.4

Petitioner/Judgment-Creditor Mishcon de Reya New York LLP ("Mishcon"), appearing *pro se*, respectfully submits this Memorandum of Law, along with the Declaration of James J. McGuire., Esq., dated July 12, 2012, ("McGuire Decl."), in support of its motion for appointment of a Receiver pursuant to CPLR § 5228 and directing the turnover and assignment of intangible property rights pursuant to CPLR § 5225 ("Motion"). For all the reasons set forth herein, said Motion should be granted in its entirety.

## PRELIMINARY STATEMENT

On or about July 11, 2012, this Court duly entered Judgment against Respondent/Judgment-Debtor Grail Semiconductor, Inc. ("Grail"). Mishcon obtained that Judgment only after attachment and related proceedings before this Court and the U.S. Court of Appeals for the Second Circuit, as well as protracted arbitration proceedings before the International Centre for Dispute Resolution ("ICDR") division of the American Arbitration Association ("AAA"). Despite all of its efforts, Mishcon continues to await payment for services rendered some two years ago. Now, and as Mishcon expected, Grail has no appreciable assets aside from intangible property in the form of United States Patent No. 6,642,552 ("'552 Patent"). Therefore, as a matter of law and practical necessity, appointment of a Receiver to take assignment and effect sale of Grail's intangible property is required to enable Mishcon to enforce its multi-million dollar Judgment and finally recover what it is rightfully owed.

Typically, enforcement of U.S. District Court Judgments under Federal Rule of Civil Procedure 69(a) requires a writ of execution, pursuant to which the U.S. Marshal is able to levy against all property of the Judgment Debtor found within the jurisdiction. However, with respect to intangible property such as the '552 Patent,[1] it is the turnover and receivership provisions of

---

[1] The '552 Patent was the subject of the attachment proceedings commencing this action before the Court.

Legal1US.64625.4                                            1

the New York Civil Practice Law and Rules ("CPLR"), as authorized by Federal Rule of Civil Procedure 69(a), that provide the mechanism by which Mishcon can obtain satisfaction of its Judgment against Grail. Grail has sought to exploit every opportunity for delay of these proceedings and otherwise avoid its obligations. Thus, to guard against further misfeasance and expedite these proceedings, Mishcon brings this motion by Order to Show Cause rather than upon notice of motion.

Thus, for the reasons provided herein, Mishcon respectfully requests the Court appoint a Receiver and direct Grail to turn over and assign the '552 Patent to that receiver for liquidation.

## FACTUAL BACKGROUND

In or about July and August 2010, Grail sought Mishcon's legal services in connection with Grail Semiconductor, Inc., et al. v. Mitsubishi Electronic Corporation, et al., Santa Clara Superior Court, Case No. 1-07-CV-098590 ("NDA Action") and related matters. See McGuire Decl. at ¶ 3. The NDA Action, which Grail commenced on or about June 15, 2007, concerned Grail's claim that Defendant Mitsubishi Electric and Electronics USA Inc.'s ("MEEUSA"), among other Mitsubishi-related entities, had breached a "Proprietary Information, Invention and Non-Disclosure Agreement for Potential Investors," dated April 19, 2001, ("NDA") by improperly disclosing and using information, technology, and trade secrets related to Grail's design for a new solid-state semiconductor memory chip.[2] Id. at ¶ 4. Mishcon was not paid for the legal services rendered to Grail in connection with the NDA Action. Id. at ¶ 5. Accordingly, on July 15, 2011, Mishcon commenced arbitration under the AAA's Commercial Arbitration Rules and Mediation Procedures against Grail in New York, New York ("Arbitration") for recovery of its fees and expenses. Id.

---

[2] On November 4, 2003, the United States Patent and Trademark Office issued Patent Number 6,642,552 ("'552 Patent") for the chip to Donald Stern, one of Grail's shareholders, who subsequently transferred the '552 Patent to Grail.

Concerned that (i) Grail might not have assets sufficient to satisfy the eventual Judgment it anticipated it would obtain, and (ii) the '552 Patent could be encumbered, Mishcon commenced this action against Grail by way of an Application for an *Ex Parte* Order of Attachment in Aid of the Arbitration, dated July 19, 2011 ("Attachment Proceeding").  Id. at ¶ 6.  By Order, dated July 20, 2011, Honorable Richard Holwell issued an Order of Attachment attaching the '552 Patent and securing an amount of $2,114,559.36 ("Attachment Order").  Id. at ¶ 7.  By Memorandum Opinion and Order, dated December 28, 2011, Judge Holwell, among other things, confirmed the Order of Attachment ("Confirmation Order").  Id. at ¶ 8.

Thereafter, Grail pursued an appeal from the Confirmation Order by way of a Notice of Appeal, dated January 31, 2012, ("Notice of Appeal") before the United States Court of Appeals for the Second Circuit, entitled Mishcon de Reya New York LLP v. Grail Semiconductor, Inc., Case No. 12-415 ("Appeal").  McGuire Decl. at ¶ 9.  Concurrently, Grail filed multiple motions to stay the Arbitration throughout this litigation, including in the Arbitration, Attachment Proceeding, and the Appeal.  Id. at ¶ 10.  Those motions were all denied.  Id.

Pursuant to the ICDR Tribunal's Procedural Order No. 2, a hearing on the Arbitration was set for April 10 through 12, 2012 in New York, New York ("Hearing").  Id. at ¶ 11.  Prior to commencement of the Hearing, the parties reached a settlement disposing of the claims raised in the Demand for Arbitration in their entirety.  In regard thereto, on April 10, 2012, the parties executed a Term Sheet as to Settlement of Mishcon/Grail Disputes ("Term Sheet").  McGuire Decl. at ¶ 12.  In accordance with the Term Sheet, on or about April 17, 2012, the ICDR Tribunal issued the Award Upon Settlement, ordering Grail to pay Mishcon $2,111,000.00 ("Arbitration Award").  Id. at ¶ 13.

At the time the Term Sheet was negotiated, the trial in the NDA Action was scheduled to commence on or about April 16, 2012. Id. at ¶ 14. The parties' understanding was that trial in the NDA Action would conclude approximately two weeks thereafter. Id. Accordingly, Grail requested that the Judgment be held in abeyance to provide it sufficient time to procure the necessary funds to satisfy the Judgment. Id. As set forth in the Term Sheet, the parties stipulated to the immediate confirmation of the Arbitration Award but agreed that no Judgment thereon would be entered before July 11, 2012. Id. at ¶ 15. Since that time, Grail has obtained a jury verdict in the NDA Action awarding it $123,898,889. Id. at ¶ 16.

On or about May 18, 2012, the Parties entered into a settlement agreement based upon the Term Sheet. Id. at ¶ 17. Thereafter, on or about May 21, 2012, Mishcon brought an unopposed motion to confirm Arbitration Award and for entry of final Judgment on July 11, 2012, which was granted and entered on or about May 25, 2012. Id. On or about July 11, 2012, the Court duly entered final Judgment against Grail in the amount of $2,111,000.00. Id. at ¶ 18, Ex. A.

## ARGUMENT

Pursuant to Rule 69 of the Federal Rules of Civil Procedure, "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a).

Grail's sole identified appreciable asset is the '552 Patent, plainly intangible property. However, Courts have long held intangible intellectual property to be exempt from a writ of execution. See Ager v. Murray, 105 U.S. 126 (1881) (affirming earlier Supreme Court rulings exempting intangible property from writ of execution and ordering judicial sale of patents; see also 60 Am. Jur. 2d Patents § 1009 ("Although patent rights have traditionally been unavailable to a judgment creditor upon simple execution unless the judgment debtor volunteers their

availability, they are available to satisfy the judgment through proceedings supplementary to execution."); Hedman, Gibson & Costigan, P.C. v. Tri-Tech Sys. Int., Inc., No. 92 Civ. 2757, 1994 WL 18536, *5 (S.D.N.Y. 1994) (writ of execution inadequate, ordering judicial sale of patents).  Since Mishcon cannot resort to a writ of execution to obtain satisfaction of its Judgment, the Court must employ an alternative method as set forth herein.

### A. Mishcon May Enforce The Judgment Against The '552 Patent In A U.S. District Court By Employing State Law Mechanisms.

New York law provides several procedures for enforcement of money Judgments that may be employed by U.S. District Courts in New York.  See CPLR §§ 5201-5252; Fed. R. Civ. P. 69(a) ("The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution, shall be in accordance with the practice and procedures of the state in which the district court is held…").  Pursuant to CPLR § 5201(b), "[a] money judgment may be enforced against any property which could be assigned or transferred..." (emphasis added).  This includes both tangible and intangible assets.  See Victoria Graphics, Inc. v. Priorities Publications, Inc., 64 N.Y.S.2d 400, 401 (N.Y. Civ. Ct. 1996) (intangible property properly reached to satisfy Judgment).  Patents are intangible property capable of being legally assigned or transferred to another.  See CPLR § 5201; Safe-Strap Co., Inc. v. Koala Corp., 270 F. Supp. 2d 407, 409 (S.D.N.Y. 2003) (patent rights subject to assignment and transfer).  The '552 Patent is thus "property" within the meaning of the CPLR against which a Judgment may be enforced.  See Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp., No. 88-cv-3931, 2006 WL 616267, *4 (E.D.N.Y. Mar. 6, 2006) (ordering sale of patents to satisfy Judgment).

## B. Appointment Of A Receiver Is A Necessary And Appropriate Step, Where Impediments Exist Making A Sheriff's Auction Impractical.

A common method employed to obtain the property of a Judgment Debtor so as to satisfy a Judgment is a Turnover Order requiring the Judgment Debtor (or third party garnishee) to surrender to the Sheriff money and other property of the Judgment Debtor sufficient to satisfy the Judgment.  See CPLR § 5225.  See also Koehler v. Bank of Bermuda Ltd., 12 N.Y.3d 533, 537 ("Article 52 authorizes a judgment creditor to file a motion against a judgment debtor to compel turnover of assets or, when the property sought is not in the possession of the judgment debtor himself, to commence a special proceeding against a garnishee who holds the assets.  CPLR 5225, the provision applicable here, supplies judgment creditors with a device known as a 'delivery order' or 'turnover order.'").  A party need not commence separate proceedings in a state Court to obtain such relief.  See Mitchell v. Lyons Prof'l Services, Inc., 727 F. Supp. 2d 120, 122 (E.D.N.Y. 2010) (enforcement proceedings, including for turnover pursuant to CPLR § 5225, properly brought by motion in original federal action, not in separate proceedings).

Where a Judgment Creditor seeks turnover of a Judgment Debtor's property for the purposes of satisfying a Judgment, such turnover is typically made to the Sheriff.  See CPLR § 5225(a).  However, Courts have recognized that the disposition and sale of intangible property interests, particularly patent rights, is more complex and can be more efficiently and effectively conducted through appointment of a Receiver.  See Gasser Chair Co., 2006 WL 616267, *4 (E.D.N.Y. Mar. 6, 2006) ("[T]he Court should, in its discretion, 'appoint a receiver when disposition of the debtors property by private negotiation is preferable to an execution sale.'") (quoting 11 Weinstein, Korn & Miller, New York Civil Practice, ¶ 5228.05, at 52-499 (2004)).  Moreover, assignment of the property to a Receiver is warranted and "especially appropriate when the property interest involved is intangible, lacks a ready market, and presents nothing that

a sheriff can work with at an auction…" See David Siegel, New York Practice, 4th Ed. § 512 (2005).

Here, as in Gasser Chair, because the '552 Patent is intangible property, has no apparent ready market, and its valuation may be difficult, the appointment of a Receiver to negotiate its sale and distribute the proceeds therefrom would be the most efficient means of obtaining satisfaction of Mishcon's Judgment against Grail. See id. at *4 (ordering appointment of Receiver for purpose of selling defendant's patent and distributing funds to satisfy plaintiff's Judgment).

## CONCLUSION

For the reasons set forth herein, Petitioner respectfully requests that the Court (i) grant its Motion for appointment of a Receiver pursuant to CPLR § 5228, (ii) direct turnover and assignment of the '552 Patent to said Receiver for purposes of sale to satisfy Petitioner's Judgment pursuant to CPLR § 5225, and (iii) grant such other relief as the Court deems warranted.

Dated: New York, New York
July 12, 2012

Respectfully submitted,

By: /s/ James J. McGuire

JAMES J. MCGUIRE
VINCENT FILARDO, JR.
MISHCON DE REYA NEW YORK LLP
200 Park Avenue, Floor 44
New York, New York 10166
Telephone: (212) 612-3270
Facsimile: (212) 612-3297

*Attorneys Pro se*