UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

| | |
|---|---|
| MISHCON DE REYA NEW YORK LLP, | |
| Petitioner, | Civil Action No. 11-4971 (JMF) |
| v. | DECLARATION OF JAMES J. McGUIRE, ESQ. IN SUPPORT OF PETITIONER'S MOTION FOR APPOINTMENT OF A RECEIVER PURSUANT TO CPLR § 5228 AND DIRECTING ASSIGNMENT OF INTANGIBLE PROPERTY RIGHTS <u>PURSUANT TO CPLR § 5225</u> |
| GRAIL SEMICONDUCTOR, INC., | |
| Respondent. | |

----------------------------------------------------------x

**JAMES J. McGUIRE, ESQ.** declares the following pursuant to 28 U.S.C. § 1746:

1. I am an attorney licensed to practice in the State of New York, admitted to practice before this Court, and the Managing Partner of Petitioner Mishcon de Reya New York LLP ("Mishcon"). I respectfully submit this Declaration in support of Petitioner's motion for appointment of a Receiver pursuant to CPLR § 5228 and directing the turnover and assignment of United States Patent No. 6,642,552 ("552 Patent") pursuant to CPLR § 5225 ("Motion").

2. This Declaration is based upon my personal knowledge and review of the case file of <u>Grail Semiconductor, Inc., et al. v. Mitsubishi Electronic Corporation, et al.</u>, Santa Clara Superior Court, Case No. 1-07-CV-098590 ("NDA Action"), except for those matters asserted herein upon information and belief. As to those matters, I believe them to be true.

3. During Summer 2010, Respondent Grail Semiconductor, Inc. ("Grail") sought Mishcon's legal services in connection with the NDA Action and related matters.

4. The NDA Action concerned Grail's claim that Defendant Mitsubishi Electric and Electronics USA Inc. ("MEEUSA"), among other Mitsubishi-related entities, had breached a

Legal1us.64623.5            1

"Proprietary Information, Invention and Non-Disclosure Agreement for Potential Investors" ("NDA"), dated April 19, 2001, by improperly disclosing and using information, technology, and trade secrets related to Grail's design for a new solid-state semiconductor memory chip.[1]

5. Mishcon was not paid for the legal services rendered to Grail in connection with the NDA Action. Accordingly, on July 15, 2011, Mishcon commenced arbitration under the American Arbitration Association's ("AAA") Commercial Arbitration Rules and Mediation Procedures against Grail in New York, New York ("Arbitration") for recovery of its fees and expenses.

6. Reasonably concerned that Grail did not have unencumbered assets sufficient to satisfy any eventual Judgment obtained in the Arbitration, Mishcon, on July 19, 2011, commenced this action against Grail by way of an Application for an *Ex Parte* Order of Attachment in Aid of the Arbitration, dated July 19, 2011 ("Attachment Proceeding").

7. By Order dated July 20, 2011, United States District Judge Richard Holwell, formerly of this Court, issued an Order of Attachment attaching the '552 Patent and securing an amount of $2,114,559.36 ("Attachment Order").

8. By Memorandum Opinion and Order, dated December 28, 2011, Judge Holwell, among other things, confirmed the Order of Attachment ("Confirmation Order").

9. Thereafter, Grail commenced an appeal from the Confirmation Order by way of a Notice of Appeal, dated January 31, 2012 ("Notice of Appeal"), before the United States Court of Appeals for the Second Circuit, entitled Mishcon de Reya New York LLP v. Grail Semiconductor, Inc., Case No. 12-415 ("Appeal").

---

[1] 1. On November 4, 2003, the United States Patent and Trademark Office issued patent number 6,642,552 ("'552 Patent") for that memory chip to Donald Stern, one of Grail's shareholders, who subsequently transferred the '552 Patent to Grail.

10. Grail filed multiple motions to stay throughout the various related proceedings, including in the Arbitration, Attachment Proceeding, and Appeal. Those motions were all denied.

11. Pursuant to the ICDR Tribunal's Procedural Order No. 2, a hearing on the Arbitration was set for April 10 though 12, 2012 in New York, New York ("Hearing").

12. Prior to commencement of the Hearing, the parties reached a settlement disposing of the claims raised in the Demand for Arbitration in their entirety. In regard thereto, on April 10, 2012, the parties executed a <u>Term Sheet as to Settlement of Mishcon/Grail Disputes</u> ("Term Sheet").

13. In accordance with the Term Sheet, on or about April 17, 2012, the ICDR Tribunal issued the Award Upon Settlement, ordering Grail to pay Mishcon $2,111,000.00 ("Arbitration Award").

14. At the time the Term Sheet was negotiated, trial in the NDA Action was scheduled to commence on or about April 16, 2012. The parties' understanding was that trial in the NDA Action would conclude approximately two weeks thereafter. So, Grail requested that the Judgment be held in abeyance to provide it sufficient time to procure the necessary funds to satisfy the Judgment.

15. As set forth in the Term Sheet, the parties stipulated to the immediate confirmation of the Arbitration Award but agreed that no Judgment thereon would be entered before July 11, 2012.

16. On or about April 17, 2012, Grail obtained a jury verdict in the NDA Action awarding it $123,898,889.

17. On or about May 18, 2012, the Parties entered into a Settlement Agreement based upon the Term Sheet. Thereafter, on or about May 21, 2012, Mishcon brought an unopposed motion to confirm arbitration award and for entry of final Judgment on July 11, 2012, which the Court granted and entered on or about May 25, 2012.

18. On or about July 11, 2012, the Court duly entered final Judgment against Grail in the amount of $2,111,000.00. A true and correct copy of the Judgment is annexed as **Exhibit A.**

19. Upon information and belief, notwithstanding the existence of the valid Attachment Order, Grail has sought to encumber and otherwise trade upon the value of the '552 Patent, which, if successful, would significantly impact the marketability of the '552 Patent and hinder Mishcon's efforts to obtain satisfaction of the Judgment.

20. Good and sufficient reasons exist for bringing this motion by order to show cause, including, to (i) guard against the risk of the property becoming encumbered in such a way as to limit Mishcon's ability to obtain full satisfaction of its Judgment against Grail, and (ii) expedite these proceedings so as to avoid any further delay and prejudice to Mishcon in being permitted to timely enforce its rights. Indeed, based upon repeated comments made to me personally by counsel to Grail as recently as yesterday, July 11, 2012, it is Grail's express intent to delay our ability to enforce this Judgment for as long as possible.

21. Similar grounds for proceeding by order to show cause have been recognized by New York Courts. See Affidavit of Alex Spizz, filed in Gasser Chair Co. v. Infanti Chair Mf'g Corp., 88-cv-3931, Docket No. 296 at ¶¶ 10, 13 (E.D.N.Y. Dec. 8, 1994), a true and correct copy of which is annexed as **Exhibit B**. See also Gasser Chair, No. 88-cv-3931, 2006 WL 616267 (E.D.N.Y. Mar. 6, 2006) (granting motion for appointment of Receiver brought by Order to Show Cause).

22. No previous request for the same or similar relief has heretofore been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of July, 2012 in New York, New York.

_____
James J. McGuire