# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------x

MISHCON DE REYA NEW YORK LLP,                :

                  Petitioner,              :     Civil Action No. 11-4971 (JMF)

                         :     *# 12, 1241*

                         :

            v.                     :

                         :

GRAIL SEMICONDUCTOR, INC.,                    :

              Respondent.              :

-----------------------------------------------x

```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #:_____                  │
│ DATE FILED: 7/11/12             │
└─────────────────────────────────┘
```

ORDER CONFIRMING ARBITRATION AWARD
AND ENTERING FINAL JUDGMENT

      **WHEREAS** on May 21, 2012, Petitioner Mishcon de Reya New York LLP ("Mishcon")

filed a Motion for an Order of this Court to confirm an April 17, 2012 Award Upon Settlement

("Arbitration Award") pursuant to the terms of a (i) Term Sheet of Settlement of Mishcon/Grail

Disputes ("Term Sheet"), dated April 10, 2012, between and among Mishcon and Respondent

Grail Semiconductor, Inc. ("Grail"); and (ii) Settlement Agreement, dated May 18, 2012,

between and among Mishcon and Grail, and for Final Judgment thereon;

      **IT IS HEREBY ORDERED**, after due consideration, that Mishcon's Application to

Confirm the Arbitration Award and for entry of Final Judgment is **GRANTED** and that it is

therefore:

LegalUS.60195.1

**ORDERED, ADJUDGED, AND DECREED** by this Court as follows:

1. Grail shall pay Mishcon the amount of $2,111,000;

2. Grail shall pay Mishcon post-Judgment interest from the date Judgment is entered until all amounts owed to Mishcon are paid in accordance with 28 U.S.C. § 1961; and

3. Judgment shall be entered on July 11, 2012.

**IT IS HEREBY FURTHER ORDERED**, that the Arbitration Award and this Judgment fully and finally resolve all claims submitted to the arbitration.

**SIGNED** this 25 th day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____**

# EXHIBIT B

**TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.**
Attorneys for Judgment Creditors Gasser Chair
  Company, Inc. and George Gasser
425 Park Avenue, 5th Floor
New York, NY 10022
(212) 754-9400
Alex Spizz (AS-5508)
Jill Makower (JM-4842)

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GASSER CHAIR COMPANY, INC. AND GEORGE
GASSER,

                        Plaintiffs,

    -against-

INFANTI CHAIR MANUFACTURING CORP.
AND VITTORIO INFANTI,

                        Defendants.

-----------------------------------------------------------------X

Index No.

CV 88-3931 (ILG)(RM)

FILED

**ORDER TO SHOW CAUSE FOR DELIVERY OF
PROPERTY OF JUDGMENT DEBTOR PURSUANT TO NY
CPLR § 5225(a) OR IN THE ALTERNATIVE THE
APPOINTMENT OF A RECEIVER PURSUANT TO NY
CPLR § 5228(a) TOGETHER WITH TEMPORARY
RESTRAINING ORDER**

Let the Defendant, Judgment Debtor Vittorio Infanti ("Infanti") show cause before

the Honorable I. Leo Glasser, United States District Court Judge, in Courtroom 5 in the

United States District Court for the Eastern District of New York located at 225 Camden

Plaza East, Brooklyn, New York on the 17th day of December 2004 at 10:00 A.M. why

the Plaintiffs should not be granted an order pursuant to NY CPLR § 5225(a), directing

the assignment of United States Patent No. 6,135,562 dated October 24, 2000 (the

"Patent") to the United States Marshal or, in the alternative, the appointment of a

191612 v1

receiver to take assignment of the Patent pursuant to NY CPLR § 5228(a), both for the purpose of selling the Patent and distributing the proceeds of the sale to the Plaintiffs toward the satisfaction of their Judgment and for such other and further relief as this Court may deem just and proper; and it is further

ORDERED, that pending the hearing and determination of this motion the Defendant Judgment-Debtor Vittorio Infanti is hereby enjoined from transferring, disposing, assigning, encumbering or permitting any liens upon the Patent or upon any right, title and interest that he has or may have in the Patent; and it is further

ORDERED, that service of a copy of this order to show cause and all the papers upon which it was made shall be deemed good and sufficient service if made by overnight mail upon the Defendant Judgment-Debtor Vittorio Infanti at his last known address and upon his attorneys, Katten Muchin Zavis Rosenman, on or before December 10th, 2004; and it is further

ORDERED, that opposition papers, if any, shall be filed with this Court and delivered to counsel for the Plaintiffs, Todtman, Nachamie, Spizz & Johns, P.C., 425 Park Avenue, New York, New York 10022, Attn: Alex Spizz, Esq., so as to be received no later than December 15th, 2004.

Dated: Brooklyn, New York
December 9th, 2004
1:30 p.m

_____
UNITED STATES DISTRICT JUDGE

191812 v1

2

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Attorneys for Judgment Creditors Gasser Chair
  Company, Inc. and George Gasser
425 Park Avenue, 5th Floor
New York, NY 10022
(212) 754-9400
Alex Spizz (AS-5508)
Jill Makower (JM-4842)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

GASSER CHAIR COMPANY, INC. AND GEORGE
GASSER,                                                                Index No.
                                    Plaintiffs,
                                                                      CV 88-3931 (ILG)(RM)
          - against -

INFANTI CHAIR MANUFACTURING CORP.
AND VITTORIO INFANTI,

                                    Defendants.
-------------------------------------------------------X

**AFFIDAVIT IN SUPPORT OF ORDER TO SHOW CAUSE
FOR DELIVERY OF PROPERTY OF JUDGMENT DEBTOR
PURSUANT TO NY CPLR § 5225(a) OR IN THE
ALTERNATIVE THE APPOINTMENT OF A RECEIVER
PURSUANT TO NY CPLR § 5228(a) TOGETHER WITH
TEMPORARY RESTRAINING ORDER**

Alex Spizz, being duly sworn, deposes and says:

1.      I am a member of the firm Todtman, Nachamie, Spizz & Johns, P.C.,

attorneys for the plaintiffs and judgment creditors Gasser Chair Company, Inc. and

George Gasser (collectively referred to as "Plaintiffs" or "Gasser") and submit this

affidavit in support of Gasser's motion pursuant to NY CPLR 5225(a) for an order

assigning to the United States Marshal, U.S. Patent No. 6,135,562 issued on October

24, 2000 (the "Patent") for sale by the United States Marshal toward the satisfaction of

Gasser's Judgment, or in the alternative the appointment of a receiver pursuant to NY

CPLR 5228(a) to take assignment of the Patent and sell it towards the satisfaction of

191812 v1

the Gasser judgment.

2.    On August 9, 1996 Plaintiffs obtained a judgment against defendant Vittorio Infanti ("Infanti") and defendant Infanti Chair Manufacturing Corp. ("Infanti Chair") in the amount of $14,137,911. An additional $1,000,000 based upon the defendants' flagrantly willful conduct was added to the judgment bringing the total to $15,137,911 ("Judgment"). (A copy of the Judgment is attached hereto as **Exhibit "1"**).

3.    As of the date of this application over $25,000,000 including post judgment interest is outstanding and uncollected on account of the Judgment.

4.    In or about September 1999, Infanti invented a chair with "releasably detachable and interchangeable cushions" (the "Versi-Chair").

5.    On or about October 24, 2000 Infanti was issued a Patent No. 6,135,562 by the United States Patent Office for the Versi-Chair which he assigned without consideration to his daughter Vittoria Infanti. (A copy of the Patent listing Infanti as the Inventor and his daughter Vittoria as the assignee is attached hereto as **Exhibit "2"**).

6.    Plaintiffs as judgment creditors commenced an action before this Court against several defendants including Vittoria Infanti (the "Pending Action"). The Pending Action is entitled: <u>George Gasser and Gasser Chair Company, Inc., Plaintiffs v. Infanti International, Inc., Mark Infanti, Nancy Aponte Infanti, Vittoria Infanti, Marguerita Infanti, Mariella Infanti, Amboy National Bank, George E. Scharpf and Sanders W. Gropper, in his capacity as Receiver of Infanti International, Inc., Defendants. Index No. CV 03 6413 (ILG)</u>.

7.    The twelfth claim for relief in the Pending Action seeks a Judgment voiding the assignment of the Patent from Infanti to his daughter Vittoria on the grounds that it is a fraudulent conveyance pursuant to §§ 270-275 of the New York Debtor Creditor Law.

8.    There is currently pending a motion and cross-motion for partial summary judgment with respect to the twelfth claim for relief.  The motions for summary judgment which have been fully briefed and scheduled to be heard before this Court on December 17, 2004, may very well determine the ownership of the Patent.

9.    In the event that plaintiffs as judgment creditors are successful in their motion for partial summary judgment and void the assignment of the Patent and establish Infanti as the owner of the Patent, they require an order of this Court to protect their rights as a judgment creditor against the Patent.

10.    As set forth in the accompanying memorandum of law, the U.S. Supreme Court has held that a judgment creditor cannot enforce its judgment against a Patent by execution and levy.  Since Plaintiffs cannot just resort to a writ of execution, Plaintiffs need to obtain an order of this Court pursuant to Fed.R.Civ.P. 69(a) which will allow the Patent to be sold pursuant to applicable procedures under New York law which provide alternatives to a writ of execution.   The order Plaintiffs seek is also one which will protect Plaintiffs' priority in the Patent.   Included among the procedures which may be used to enforce a judgment under New York law are a delivery or "turn-over" order pursuant to CPLR 5225 and the appointment of a receiver pursuant to CPLR 5228. Plaintiffs are concerned that Infanti will take other measures to convey or encumber the Patent once the fraudulent conveyance is disregarded.  In order to prevent this, and to finally be able to execute on their $25 million Judgment, Plaintiffs are moving by order to show cause for an order pursuant to NY CPLR 5225(a), assigning the Patent to the United States Marshal for purposes of selling the Patent, or, in the alternative, an order pursuant to NY CPLR 5228(a), directing the appointment of a receiver to take assignment of and sell the Patent.  As demonstrated in the memorandum of law,

191812 v1                                              3

Plaintiffs are entitled to the relief requested. Without the relief the being sought herein the plaintiffs risk being successful in the Pending Action in having Infanti declared the owner of the Patent but not being able to enforce their Judgment against the Patent.

11. It is further requested that this Court restrain Infanti pending the hearing and determination of this motion to prevent Infanti from transferring, selling, assigning, encumbering or placing a lien upon the Patent or his interest in the Patent in yet another attempt to frustrate and thwart Plaintiffs' efforts in the enforcement of their Judgment.

12. Since the entry of the Judgment, Infanti has engaged in numerous acts designed solely for the purpose of preventing the Plaintiffs from enforcing their Judgment. These acts include among others: (a) the placing of his home at 33 Disbrow Road, Matawan, NJ 07747 in the name of his new wife Elizabeth Kavlakian; (b) working for Infanti International, Inc. without pay or salary but instead having the corporation pay all of his living expenses; and (c) having the stock of his new corporation put in the name of his children.

13. The Plaintiffs and their counsel have no doubt that Infanti will continue to do whatever he can to frustrate the Plaintiffs' efforts at enforcing their Judgment. If Infanti were to receive notice of this application prior to its presentation to the Court he may very well again attempt to assign, dispose or encumber his current or future interest in the Patent, all of which would irreparably harm the Plaintiffs by preventing them from enforcing their Judgment out of the only known asset of the Judgment debtor.

14. There would be no harm to Infanti by the temporary restraining order since all its does is maintain the status quo pending the hearing and determination of this application. Infanti has taken the position in the Pending Action that he does not own

the Patent and the Patent should be deemed owned by Infanti International, Inc. and not Infanti.

     15.   No previous request for the same or similar relief has heretofore been made.

     16.   It is respectfully requested that this Court enter the affixed Order to Show Cause and the temporary restraining order without notice to Infanti.

     WHEREFORE, it is respectfully requested that:

     (a)   Plaintiffs' motion for an order pursuant to NY CPLR §5225(a) or in the alternative the appointment of a receiver pursuant to NY CPLR § 5228(a) be granted in all respects;

     (b)   Since the delivery of the transfer and assignment of the Patent to the U.S. Marshal or a receiver may not be completed within a period of sixty (60) days that the priority established by NY CPLR § 5234(c) will automatically extend beyond the sixty (60) day period until the assignment of the Patent has been delivered to the U.S. Marshal or receiver; and

     (c)   For such other and further relief that this Court may deem just and proper.

                                             Alex Spizz

Sworn to before me this 8TH day of December, 2004

Notary Public

BARBARA F. GONSALVES
Notary Public, State of New York
No. 4716132
Qualified in Richmond County
Commission Expires January 31, 20 07

191812 v1                       5