UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MISHCON DE REYA NEW YORK LLP,                          :
                                                       :
                          Petitioner,                  :
                                                       :          11 Civ. 4971 (JMF)
          -v-                                          :
                                                       :          MEMORANDUM OPINION
                                                       :          AND ORDER
GRAIL SEMICONDUCTOR, INC.,                             :
                                                       :
                          Respondent.                  :
                                                       :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/13/12

JESSE M. FURMAN, United States District Judge:

        Petitioner Mishcon de Reya New York LLP ("Mishcon"), a law firm, filed this action in

July 2011 seeking attachment of Respondent Grail Semiconductor, Inc.'s sole asset, Patent

number 6,642,552 (the "'552 Patent"), in aid of arbitration. (Docket No. 1). The Honorable

Richard J. Holwell, to whom the case was previously assigned, granted an order of attachment

and, on January 6, 2012, confirmed the attachment. (Docket Nos. 5, 29). Respondent, a former

client of Mishcon's, appealed the confirmation order and sought to stay the arbitration during

these proceedings several times. (Pet'r's Mem. of Law at 3 (Docket No. 52)). All requests for a

stay were denied. (Id.) The parties reached a settlement on April 10, 2012, the date the

arbitration hearing was to have commenced, which resulted in the arbitrators granting Petitioner

an award upon settlement totaling $2,111,000.00. (McGuire Decl. Ex C (Docket No. 41-3)). On

May 21, 2012, Petitioner filed a motion to confirm its arbitration award with Respondent's

consent, which this Court granted on May 25, 2012. (Docket Nos. 40, 47). Pursuant to the

settlement agreement, entry of judgment was delayed until July 11, 2012. On that date, the Clerk

entered judgment. (Docket No. 48).

On July 13, 2012, Petitioner sought an Order to Show Cause why a receiver should not be appointed and why Respondent's interest in the '552 Patent should not be transferred and sold to satisfy the judgment.  This Court declined to sign the Order, but scheduled a conference for July 16, 2012.  At the conference, the Court denied Petitioner's application for emergency relief, but set a briefing schedule for a Motion to Appoint a Receiver and for the Assignment of Rights.  (Docket No. 51).  Following oral argument on the motion on August 29, 2012, the Court requested supplemental briefing to address four specific questions, which the parties submitted on September 10, 2012.  (Docket Nos. 69-71).  Since then, the parties — including another law firm, Niro, Haller & Niro, which intervened to oppose Petitioner's motion — have each submitted letters updating the Court on two related proceedings occurring in California.  (Docket Nos. 72-75).  For the reasons discussed below, Petitioner's application for the turnover of the patent and the appointment of a receiver is GRANTED.

## DISCUSSION

### A.  Turnover Order Pursuant to N.Y. C.P.L.R. Section 5225

Pursuant to Federal Rule of Civil Procedure 69(a), "[t]he procedure on execution [of a money judgment] — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located."  Accordingly, and as the parties agree (Pet'r's Mem. of Law at 1-2; Resp't's Mem. of Law at 2 (Docket No. 56)), New York law concerning the enforcement of money judgments governs this action.  *See, e.g.*, *Eitzen Bulk A/S v. Ashapura Minechem, Ltd.*, 632 F.3d 53, 55 n.2 (2d Cir. 2011) (noting that state procedural rules apply to the execution of federal money judgments based on Federal Rule of Civil Procedure 69(a)(1)).  Under New York law, "where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the

court *shall* order that the judgment debtor pay the money, or . . . deliver any other personal property, . . . to a designated sheriff." N.Y. C.P.L.R. § 5225(a) (emphasis added). Respondent cites various authorities for the proposition that "shall" can sometimes mean "may" (*see* Grail Supplemental Mem. of Law at 4-7 (Docket No. 69)), but none of these authorities interprets Section 5225. Even more to the point, New York authorities have held that the statute is "unequivocal" that turnover is mandatory in these circumstances. *Cardew v. Gialanella*, 937 N.Y.S.2d 709-10 (App. Div. 3d Dept. 2012); *accord Samuels v. Samuels*, 473 N.Y.S.2d 436-37 (App. Div. 1st Dept. 1984); *see also* 11 JACK. B. WEINSTEIN ET AL., NEW YORK CIVIL PRACTICE ¶ 5225.02 (2d ed.) ("Under CPLR 5225, if the judgment creditor can show that the judgment debtor is in possession of or entitled to money or property, an order to make payment or delivery should be granted. The use of the mandatory phrase 'shall order' in both CPLR 5225(a) and CPLR 5225(b) requires this construction.").

The mandatory language of Section 5225 notwithstanding, there is another provision of New York law — not cited by the parties — that arguably does give the Court some discretion in this setting. Specifically, Section 5240 of the C.P.L.R. provides that "[t]he court *may* at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." N.Y. C.P.L.R. § 5240. The New York Court of Appeals has explained that Section 5240 "grants the courts broad discretionary power to control and regulate the enforcement of a money judgment under article 52 to prevent 'unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.'" *Guardian Loan Co., Inc. v. Early*, 47 N.Y.2d 515, 519 (1979) (citing Third Preliminary Report of the Advisory Comm. on Practice and Procedure, 1959, at 314).

That discretion has been exercised primarily where enforcement of the judgment would divest a judgment debtor of his or her sole source of income and means of repaying the judgment, *see, e.g.*, *Tokio Marine and Fire Ins. Co. Ltd. v. Rosner*, No. 02 CV 5065 (RJD), 2007 WL 4373240, at *4-5 (E.D.N.Y. Dec. 10, 2007) (staying turnover of a law practice partnership where turnover would not have satisfied the judgment and would have deprived the judgment debtor of her sole source of income); *Moskin v. Midland Bank & Trust Co.*, 409 N.Y.S.2d 327, 328 (Sup. Ct. 1978) (staying turnover of a seat on the New York Stock Exchange where the seat provided the sole source of income to satisfy child support payments and the judgments), or where turnover would require the sale of a residence and creditors had a less onerous means of satisfying the judgment, *see, e.g.*, *Hammond v. Econo-Car of N. Shore, Inc.*, 336 N.Y.S.2d 493, 495 (Sup. Ct. 1972). Courts also consider "whether the record supports the petitioner's contention that respondents are attempting to frustrate petitioner's attempts to collect the money owed." *Colonial Sur. Co. v. Lakeview Advisors, LLC*, 917 N.Y.S.2d 795, 797 (App. Div. 4th Dept. 2011) (internal quotation marks and brackets omitted).

To the extent that Respondent has not forfeited the argument and Section 5240 (or some other source of New York law) grants this Court discretion to refrain from ordering turnover of the '552 Patent, however, the Court declines to exercise that discretion. Respondent has had approximately seven months since agreeing to the settlement in this case to obtain an alternative source of funds to satisfy its judgment to Petitioner. (In fact, Petitioner even agreed to delay, by three months, entry of judgment to enforce the settlement in order to allow Respondent to obtain financing to satisfy the judgment. (McGuire Decl. ¶¶ 14-15 (Docket No. 53)). Whether Respondent has been unable or unwilling to obtain an alternative source of funds, it has therefore had ample opportunity to do so and the balance of equities now tilts heavily in favor of allowing

Petitioner to collect on its judgment.  Accordingly, the Court grants Petitioner's motion to order turnover of the '552 Patent.

## B.  Appointment of a Receiver Under N.Y. C.P.L.R. Section 5228

Having concluded that turnover of the '552 Patent is required, the next question is whether a receiver should be appointed for the purpose of selling the patent to satisfy the judgment.  Where property to be turned over is not subject to ready auction sale by the sheriff, New York law allows a court to appoint a receiver.  N.Y. C.P.L.R. § 5228 ("Upon motion of a judgment creditor, . . . the court may appoint a receiver who may be authorized to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment.").

The New York Court of Appeals recently explained that "[t]he appointment of a receiver pursuant to section 5228(a) is a matter within the court's discretion," and that "a receiver should only [be appointed] . . . when a special reason appears to justify one." *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 317 (2010) (internal quotation marks and citations omitted). There is no formal test for whether a receiver should be appointed, but the Court of Appeals has identified three considerations that have guided lower courts' exercise of their discretion: "(1) alternative remedies available to the creditor . . . ; (2) the degree to which receivership will increase the likelihood of satisfaction . . . ; and (3) the risk of fraud or insolvency if a receiver is not appointed." *Id.* (internal quotation marks and citations omitted).  The Court has also explained that "[a] receivership has been held especially appropriate when the property interest involved is intangible, lacks a ready market, and presents nothing that a sheriff can work with at an auction, such as the interest of a psychiatrist/judgment debtor in a professional corporation of which he is a member." *Id.* (internal quotation marks omitted); *see also* Third Preliminary

Report of the Advisory Comm. on Practice and Procedure, 1959, at 284 (stating that "appointment [of a receiver] should not be made unless some greater benefit to the judgment creditor than that which could be secured by other available procedures can be anticipated").

In light of the foregoing factors, the Court finds that appointment of a receiver is warranted.  First, there appear to be no alternative remedies available to Petitioner, as Respondent has no other assets it could use to satisfy the judgment and, as discussed above, has proved unwilling or unable to obtain financing to satisfy the judgment.  Respondent proposes that Petitioner enter judgment liens in the California proceedings (Grail Opp'n Mem. of Law at 6), but doing so would leave Petitioner at risk if Respondent were to lose in those actions or if it were to file for bankruptcy, a step it has repeatedly threatened.  (*See* Pet'r's Reply to Grail at 9-10 (Docket No. 65); *see also* Memorandum Opinion and Order (Docket No. 29) (finding in part that that Grail is insolvent)).  Second, as Judge Glasser held in a similar setting, *see Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.*, 88 CV 3931(ILG), 03 CV 6413 (ILG), 2006 WL 616267, at *4 (E.D.N.Y. Mar. 6, 2006), appointment of a receiver to conduct the sale of the patent would plainly increase the likelihood of satisfaction of the judgment as compared to a sheriff's sale, given that the patent is an intangible property interest and that valuation of the patent is difficult due to the absence of a ready market.  Third, as discussed above, there is significant risk of insolvency in the present case, as Judge Holwell previously found that Respondent is insolvent and Respondent has repeatedly threatened to file for bankruptcy during the course of its negotiations with Petitioner.  (*See* Pet'r's Reply to Grail at 9-10; (Docket No. 29)).

## CONCLUSION

For the reasons discussed above, Petitioner's motion for a turnover order and for the appointment of a receiver is GRANTED.  On or before **December 11, 2012**, Petitioner shall

submit an amended proposed order that includes a proposed fee schedule for the Receiver.  With the proposed order, Petitioner shall submit a letter explaining the basis for the proposed fee schedule, as well as providing the names, addresses, and telephone numbers of three individuals who are qualified and willing to act as the Receiver for the purpose of selling the '552 Patent.

During this time, Respondent may not transfer, dispose of, assign, encumber, license, permit, or grant any liens upon, or allow anyone to use the Patent or its right, title, and interest that it may currently have in the Patent without permission from the Court.  If Respondent satisfies the judgment before the Court has entered an order, the parties should promptly notify the Court, in which case the Court is prepared to vacate this Opinion and Order.

SO ORDERED.

Dated: November 13, 2012
       New York, New York

_____
JESSE M. FURMAN
United States District Judge