**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MISHCON DE REYA NEW YORK LLP,

Petitioner,

-against-

GRAIL SEMICONDUCTOR, INC.,

Respondent.

Civil Action No. 11-4971 (JMF)

**RECEIVER'S REPORT AND MOTION TO MODIFY THE COURT'S DECEMBER 3, 2012 ORDER**

Pursuant to this Court's "Order Appointing Receiver and Directing Assignment of Intangible Property Rights Pursuant to CPLR § 5225," dated December 3, 2012 (the "December 3 Order"), Receiver Andrew L. Reibman, Esq. (the "Receiver") hereby reports and respectfully requests as follows:

## BACKGROUND FACTS

On July 11, 2012, this Court entered judgment in favor of Petitioner Mishcon de Reya New York LLP ("Petitioner") and against Respondent Grail Semiconductor, Inc. ("Grail") in the amount of $2,111,000.00 (the "Judgment"). Thereafter, Petitioner moved for an order: (i) directing Grail to turn its sole asset – United States Patent No. 6,642,552 (the "'552 Patent") – over to Petitioner, pursuant to CPLR § 5225; and (ii) appointing the Receiver to sell the '552 Patent, pursuant to CPLR § 5228. This Court granted Petitioner's motion by Order dated November 13, 2012 (the "November 13 Order"), and appointed Andrew L. Reibman as Receiver pursuant to the December 3 Order.

While this proceeding has been pending in New York, Grail has been litigating a patent infringement suit in the United States District Court for the Northern District of California,

captioned *Grail Semiconductor, Inc. v. Renesas Electronics America, Inc.*, Case No. 3:11-CV-03847-JCS (the "Infringement Action"). In that Action, Grail seeks to recover damages from defendant Renesas Electronics America, Inc. ("Renesas") for its alleged infringement of the '552 Patent. Renesas, in turn, has counter-claimed that the '552 Patent is invalid. *See* Case No. 3:11-CV-03847-JCS, Dkt. Nos. 1, 31, 44.

Since being appointed pursuant to the December 3 Order, the Receiver has consulted with patent auctioneers and patent brokers and conducted a preliminary evaluation of the '552 Patent and the Infringement Action in order to develop a strategy for selling the '552 Patent that will maximize the recovery for Petitioner, Grail, and any other parties that may have an interest therein. Several recent developments have complicated those efforts, however, and threaten to impair the realization of the full value of the '552 Patent.

*First*, on December 5, 2012, the Receiver received a Notice of Attorney's Lien against Grail's property, including the '552 Patent, from the law firm of Niro, Haller & Niro (the "Niro Firm"), in the estimated amount of $40,000,000.00. On December 7, 2012, the law firm of Schwarcz, Rimberg, Boyd & Rader LLP (the "Schwarcz Firm") filed a similar Notice of Attorney's Lien against Grail in the amount of no less than $547,720.00 plus an unspecified amount of unliquidated contingent fees.

*Second*, on December 7, 2012, Grail appealed this Court's November 13 and December 3 Orders to the United States Court of Appeals for the Second Circuit. *See* Case No. 11-CV-4971, Dkt. No. 83 (Grail's Notice of Appeal). Upon information and belief, no stay has been sought or obtained.

*Third*, also on December 7, 2012, Magistrate Judge Joseph C. Spero of the United States District Court of the Northern District of California held a status conference in the Infringement

Action to discuss the impact of this Court's November 13 and December 3 Orders. During that conference, Grail argued, among other things, that this Court's December 3 Order only transferred *future* rights arising from the '552 Patent to the Receiver, and did not transfer any *past* rights relating to the '552 Patent – including the right to recover damages for Renesas' past infringement of the '552 Patent. Neither Petitioner nor Renesas expressed a view on this issue during the December 7, 2012 conference before Magistrate Judge Spero. Bryan J. Sinclair of K&L Gates LLP ("K&L Gates"), appearing on behalf of the Receiver, argued that the plain language of this Court's December 3 Order assigned all past and future rights arising from the '552 Patent – including the right, as owner of the patent, to elect to continue the Infringement Action, seeking past damages, or to undertake to dismiss said action. In addition, during the hearing, Bryan J. Sinclair indicated that the Receiver intends to formally intervene into the case as a nominal party.

After hearing argument on this and other issues, Magistrate Judge Spero advised that:

- He understood that the Receiver intended to formally move to intervene in the Infringement Action;
- The Infringement Action would be stayed for 45 days to permit the Receiver to do so;
- The parties should seek clarification from this Court as to the temporal scope of the assignment of the '552 Patent to the Receiver; and
- Renesas and Grail should file a status report on or before January 16, 2013 concerning the status of these matters.

*Fourth*, by letter dated December 11, 2012, Petitioner requested, among other things, that this Court confirm that the December 3 Order required that Grail to transfer *all* of its rights (including, but not limited to, rights for past infringement) to the Receiver. By letter dated December 12, 2012, Grail opposed Petitioner's requests for relief, and questioned this Court's subject matter jurisdiction to even entertain a request to modify the scope of the assignment

contemplated by the December 3 Order in view of Grail's December 7, 2012 Notice of Appeal of the December 3 Order.

**ARGUMENT**

Among other things, the December 3 Order provides that the "Receiver . . . may apply at any time to this Court . . . for such further and other instructions and such further powers as may be necessary to enable the Receiver to properly carry out the terms of this [December 3] Order and fulfill the duties as Receiver." December 3 Order, pp. 2-3. Pursuant to that provision, and in light of Grail's appeal, the multiple attorney's liens that have recently come to light, and the recent developments in the Infringement Action, the Receiver respectfully requests that this Court clarify its December 3 Order, as follows:

*First*, the December 3 Order should be modified to permit the Receiver to retain K&L Gates as counsel for the purpose of, among other things: (a) Grail's pending appeal of the November 13 and December 3 Orders; (b) the Receiver's intervention in the Infringement Action; and (c) the sale of the '552 Patent. CPLR § 5228(a) permits a receiver to retain counsel where a court "expressly [] authorize[s]" the retention. *See* CPLR § 5228(a). Although the Court's December 3 Order did not expressly authorize the Receiver to retain counsel, the Receiver is now faced with several legal issues before this Court, the Second Circuit, and the Northern District of California that make retention of counsel both appropriate and necessary in order for the Receiver to fulfill his mandate to sell the '552 Patent. K&L Gates has sophisticated litigation and patent attorneys located in both New York City and San Francisco – where this action and the Infringement Action are pending, respectively – and is therefore well suited to assist the Receiver in navigating the complex legal issues presented by his receivership. Accordingly, the Receiver respectfully requests that the Court grant him the power to retain

K&L Gates as counsel, *nunc pro tunc* to December 3, 2012, for all matters relating to the receivership of the ’552 Patent in order “to enable [him] to . . . fulfill the duties as Receiver.” *See, e.g., Kraizberg v. Frank*, 170 A.D.2d 306, 307, 565 N.Y.S.2d 817, 818 (1st Dep’t 1991) (affirming that the trial court “was well within its authority to ratify the [receiver’s] hiring of attorneys”); *Ross v. Thomas*, 2011 WL 2207550, *5 (S.D.N.Y. June 6, 2011) (receiver’s retention of his own law firm was permissible in the context of a federal receivership).[1]

Moreover, in view of the substantial attorneys’ liens that have been alleged by the Niro and Schwarcz firms against Grail, the Court should clarify that the Receiver’s commissions, and reasonable and necessary attorneys’ fees and costs incurred by the K&L Gates, will be entitled to first priority payment from the gross proceeds of any sale of the ‘552 Patent so that both the Receiver and his counsel have reasonable assurance that they will be compensated for their efforts in this matter. Alternatively, if Grail’s purported lienholders[2] are unwilling to consent to subordinate their liens, or if the Court is disinclined to adjudicate the priority of competing claims to the ‘552 Patent, the Court should, at a minimum, modify the December 3 Order to provide that Petitioner will be required to satisfy any deficiency owing to the Receiver or his professionals (including K&L Gates and any patent broker that may be retained to assist in effecting the sale) after distribution of the proceeds of the sale of the ‘552 Patent out of its own funds. *See* CPLR 8004(b); *Gasser v. Infanti Int’l., Inc.*, 358 F.Supp.2d 176, 183 (E.D.N.Y. 2005) (requiring petitioning creditor to pay receiver’s fees where it was unclear whether insufficient unencumbered assets were available to do so).

*Second*, the Court should clarify that the December 3 Order assigned all past *and* future right, title, and interest that Grail has in the ’552 Patent to the Receiver, including the right to any

[1] The Receiver is a partner at K&L Gates.

[2] The Receiver takes no position regarding the validity or scope of any alleged liens on the ‘552 Patent.

damages that Grail seeks to recover from Renesas in the Infringement Action or from any other past infringer of the '552 Patent, and direct that Grail execute an appropriate form of assignment so stating. This clarification of the December 3 Order is necessary to ensure that: (a) the Receiver is able to maximize the value of the '552 Patent for sale (instead of selling only a portion of the '552 Patent); and (b) any damages recovered in the Infringement Action are available to satisfy the Petitioner's Judgment (instead of benefiting Grail alone). At a minimum, in the absence of clarity regarding the precise scope of the Receiver's rights in the '552 Patent, the value of the '552 Patent likely will be severely impaired, assuming that it can be sold at all.

While the Receiver does not claim to have specific knowledge of the Court's intentions in entering the December 3 Order, he has been advised by his counsel that Rule 4(b)(i) of the Federal Rules of Appellate Procedure provides that the effectiveness of any appeal taken of the December 3 Order is stayed pending the resolution of any motions to alter or amend a judgment under Federal Rule of Civil Procedure 59 or for relief from a judgment under Federal Rule of Civil Procedure 60. Fed. R. App. P. 4(b)(i); *Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002) ("When a party files a notice of appeal before a district court disposes of one of the motions listed in Rule 4(a)(4)(A), the notice of appeal 'becomes effective to appeal a judgment . . . when the order disposing of the last such remaining motion is entered.'") (citations omitted). Accordingly, the Receiver respectfully submits that this Court may rule on Petitioner's pending request for relief – and the request for clarification contained in this Motion concerning the scope of the Receiver's rights in the '552 Patent – notwithstanding the filing of Grail's notice of appeal.

*Third*, while the Receiver's proposed counsel sent an email to Grail's counsel on December 4, 2012 (the "December 4 Email")[3] requesting basic information about the history and background of the '552 patent, Grail has not yet responded to the Receiver's request, which has impaired the Receiver's ability to evaluate the '552 Patent and the Infringement Litigation and to propose to this Court appropriate arrangements for a sale. Based on the Receiver's experience regarding prior requests for information from patent brokers and patent buyers with respect to other patents the Receiver has been involved in selling and, in the Receiver's view, the requests contained in the December 12 Email represent information that a reasonable potential patent buyer would expect to review. Accordingly, the Receiver respectfully requests that the Court affirmatively direct Grail to immediately produce the information set forth in the December 12 Email.

*Fourth*, consistent with Judge Spero's direction at the December 7 status conference, this Court should authorize the Receiver to appear and be heard in the Infringement Action, and to seek whatever remedies, including, without limitation, substitution or intervention, as may be necessary or appropriate to protect and preserve the value of the '552 Patent.

*Fifth,* the Court should modify the December 3 Order by extending the deadlines for the Receiver to schedule the sale of, and sell, the '552 Patent. Currently, the Receiver must provide this Court with "a schedule for the sale and assignment of the '552 [P]atent" by December 17, 2012, and must sell the '552 Patent by February 1, 2013. December 3 Order, p. 2. The Receiver respectfully submits that these deadlines should be extended by at least sixty (60) days so that the Receiver may: (i) engage in meaningful discussions with the interested parties about the future course of Grail's appeal of the December 3 Order and the need to ensure that all rights associated

[3] A copy of the December 12 Email is annexed hereto as Exhibit A.

with the '552 Patent are available for sale as directed by this Court; (ii) negotiate with potential auction brokers regarding the scope of services to be rendered including prospective terms of sale; and (iii) identify prospective purchasers of the '552 Patent. As matters currently stand, it would be difficult, if not impossible, for the Receiver to sell the '552 Patent because Grail's lack of cooperation and stated position cast doubt on the scope and efficacy of the Receiver's right to sell the '552 Patent in the first place. Accordingly, the Receiver respectfully requests an extension of all deadlines of at least sixty (60) days in order to attempt reconciliation of the interested parties' rights.

Based on the actions of the interested parties to date, the Receiver is constrained to reserve his right to request additional time as may be necessary to discharge the Receiver's duties as directed by the Court.

## CONCLUSION

For the foregoing reasons, the Receiver respectfully requests that the Court enter the attached order (the "Proposed Order"): (a) authorizing him to retain K&L Gates as his counsel in all matters relating to this receivership; (b) granting first priority to payment of any commissions and any reasonable attorneys' fees and other reasonable costs and expenses incurred by the Receiver in carrying out his mandate; (c) directing Grail to execute the form of assignment proposed by the Receiver, which is annexed as Exhibit A to the Proposed Order; (d) directing Grail to respond immediately to each of the Receiver's outstanding information requests set forth in the December 4 Email; (d) authorizing the Receiver to appear and seek appropriate relief, including, but not limited to, substitution for Grail, in the Infringement Action; (f) extending all deadlines for the Receiver to schedule the sale of the '552 Patent by at least

sixty (60) days; and (g) granting such other and further relief as this Court deems to be just and proper.

New York, New York
Dated: December 13, 2012

Respectfully submitted,

/s/ Andrew L. Reibman

Andrew L. Reibman
(Andrew.Reibman@klgates.com)

599 Lexington Avenue
New York, NY 10022-6030
Telephone: (212) 536-4074
Facsimile: (212) 536-3901

*Receiver for the '552 Patent*